W. Vincent Grady, J.
Defendant moves for summary judgment on its counterclaim in an action for a declaratory judgment.
The Building Department of the City of Yonkers had issued a building permit for an apartment complex on premises owned by the'defendant in the City of Yonkers. However, a resolution *123 was adopted by the Common Council of the City of Yonkers directing that the building permit be withdrawn and that action be commenced to test the validity of a certain restrictive covenant described in a declaration of restrictions and restrictive covenants affecting the premises in question which is filed in the Westchester County Clerk’s office.
The plaintiff in its complaint seeks a declaratory judgment as to the effect of the following restrictive covenant which is contained in the declaration of restrictions and restrictive covenants: ‘ ‘ That the property shall be utilized only for the erection thereon of several buildings for occupancy as retail stores and other businesses which are permitted in a ‘ BA ’ Zone, together with such parking facilities as provided in a ‘ BA ’ Zone. ’ ’
The defendant, while it admits every allegation of the complaint, sets forth two counterclaims in its answer, the first of which alleges that the Yonkers Zoning Ordinance permits the use of defendant’s premises for apartment houses of the highest density and the language in the restrictive covenant does not prohibit the use of such premises for an apartment complex. The .second counterclaim alleges that the restrictive covenant is unrelated to the City of Yonkers Zoning Ordinance and that the City of Yonkers is not a proper party to seek a declaratory judgment. Plaintiff has admitted the allegations contained in defendant’s answer except for the legal conclusions set forth in the counterclaims and cross-moves herein for summary judgment.
There are no issues of fact present for determination, but only an issue of law as to whether the erection of an apartment complex on defendant’s property is prohibited by the restrictive covenant: 1 ‘ Restrictive covenants are disfavored by the law to the extent that where the terms of an instrument permit more than one construction that construction which favors the free and unobstructed use of the property will be upheld (Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507). However, the application of this afore-mentioned rule is subject to the general rule of construction that the intent of the parties is the paramount consideration (Bovin v. Galitzka, 250 N. Y. 288).” (Blair v. Ladue, 14 A D 2d 373, 375.)
The defendant’s predecessor in title who imposed the restrictive covenant in question has submitted his affidavit in support of defendant’s motion herein. He unequivocally states that it was his intention to restrict the land to permitted uses in a “BA” zone which included apartment houses under the City *124 of Yonkers Zoning Ordinance. The use of the words “ retail stores and other businesses ” read in conjunction with the language “ permitted in a ‘ BA ’ zone ” and in the light and against the background of the covenant as a whole makes it clear that apartment houses are not prohibited by the restrictive covenant.
In Premium Point Park Assn. v. Polar Bar (supra) a restrictive covenant which prohibited a commercial parking lot, was held not to prohibit the use of property for customer parking in connection with a refreshment stand. In this case, Judge Fuld, speaking for the court, stated that even if the covenant were deemed ambiguous, the use of the property should be permitted in view of the undoubted fact that construction of the language in the covenant was at least a reasonable one.
While the restrictive covenant in the case at bar could be interpreted as permitting only stores and business establishments, it more reasonably should be construed as allowing any use permitted in a “BA” zone under the City of Yonkers Zoning Ordinance. An apartment house being a permitted use in a “ BA ” zone was certainly intended to be a permitted use under the declaration of restrictions and restrictive covenants.
Accordingly, defendant is entitled to summary judgment on its counterclaim warranting direction of a declaratory judgment in favor of the defendant. Plaintiffs cross motion for summary judgment is denied.
No costs.